IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

KENNETH HINTON,                )
                               )
     Plaintiff,                )
                               )
          v.                   )   1:11cv906 (JCC/TCB)
                               )
NEW HOPE HOUSING, INC.,        )
                               )
     Defendant.                )

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Plaintiff's Motion to Remand [Dkt. 7] and Defendant's Motion to Dismiss [Dkt. 4]. For the following reasons, the Court will grant Plaintiff's Motion to Remand and deny Defendant's Motion to Dismiss as moot.

### I. Background

This case arises out of the alleged wrongful termination of *pro se* plaintiff Kenneth Hinton (the "Plaintiff" or "Hinton") by New Hope Housing, Inc. (the "Defendant").

### A.   Factual Background

Hinton was employed by Defendant as a Housing Specialist from August 24, 2010 until his employment was terminated on December 14, 2010. (Complaint [Dkt. 1-1] ("Compl.") ¶ 6.) During the course of his employment, Hinton encountered the parasitic insects commonly known as "bedbugs." (Compl. ¶ 9.) Defendant subsequently filed complaints regarding

1

safety and health hazards with various county, state and federal agencies.  (Compl. ¶ 11.)

Plaintiff alleges that he was wrongfully terminated in retaliation for filing these complaints, and that Defendant thereby violated the anti-retaliation provisions of the Virginia Occupational Safety and Health laws ("VOSH"), Va. Code § 40.1-51.2:1, *et seq.*  VOSH states that "[n]o person shall discharge or in any way discriminate against an employee because the employee has filed a safety or health complaint or has testified or otherwise acted to exercise rights under the safety and health provisions of this title for themselves or others."  Va. Code § 40.1-51.2:1.  The Complaint also contains references to violations of various federal laws, including the Occupational Safety and Health Act ("OSHA"), 29 U.S.C. § 651, *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*  Plaintiff's claims include defamation, retaliation, failure to maintain a safe work environment, breach of public policy, and wrongful termination.

B.    Procedural Background

On July 1, 2011, Plaintiff filed an action in the Circuit Court of Fairfax County.  Defendant was served with a copy of the summons on August 2, 2011.  On August 24, 2011, Defendant removed the action to this Court, arguing that removal is appropriate under 28 U.S.C. § 1441(b).  (Notice of Removal

2

[Dkt. 1] ("Notice") ¶ 3.)   Defendant contends that the Court has
original jurisdiction over all of Plaintiff's claims except for
the defamation claim because the Complaint includes allegations
that Defendant violated OSHA, Title VII, and "an unidentified
Whistleblower Protection Act."   (Notice ¶ 4; Opposition [Dkt.
11] ("Opp.") at 2.)   On August 31, 2011, Defendant filed a
Motion to Dismiss [Dkt. 4].   Plaintiff then filed a Motion to
Remand on September 7, 2011, arguing that removal is improper
because the Complaint only alleges state law claims and fails to
raise a substantial federal issue.   (Mot. to Remand [Dkt. 7] at
4-5.)   Plaintiff's Motion to Remand and Defendant's Motion to
Dismiss are before the Court.[1]

## II.   Standard of Review

Civil actions over which a federal court would have
original jurisdiction can be removed by the defendant from state
court to the appropriate federal district court pursuant to 28
U.S.C. § 1441.   The party seeking removal bears the burden of
establishing federal jurisdiction.   *See, e.g., Mulcahey v.
Columbia Organic Chem. Co.,* 29 F.3d 148, 151 (4th Cir. 1994)
(citing *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97
(1921)).   "If federal jurisdiction is doubtful, a remand is
necessary."   *Id.* (citations omitted).

---

[1] On October 26, 2011, Plaintiff moved to waive oral argument on both motions.
Defendant did not object to these motions being decided without oral
argument.

3

### III. Analysis

The removal statute relied on by Defendant provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Section 1331 provides litigants two distinct pathways into federal court. Federal question jurisdiction exists when a plaintiff's cause of action is created by federal law or, in exceptional cases, "if the plaintiff's right to relief *necessarily depends* on a *substantial* question of federal law." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9 (1983)) (internal quotation marks and alterations omitted). "A plaintiff's right to relief for a given claim necessarily depends on a question of federal law only when *every* legal theory supporting the claim requires the resolution of a federal issue." *Id.* (citation omitted). The Supreme Court has outlined the following test for the second, narrower pathway: "the question is, does a state-law

4

claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

With these principles in mind, the Court concludes that it is without original jurisdiction and that removal was therefore improper. The claims at issue are created by state law. Plaintiff's claims cannot arise under OSHA, as OSHA does not provide plaintiffs with a private right of action. *See Byrd v. Fieldcrest Mills, Inc.*, 496 F.2d 1323, 1323 (4th Cir. 1974) (per curiam). Plaintiff also references Title VII in his breach of public policy claim. The Court does not, however, read the claim as attempting to state a cause of action under Title VII, but rather invoking Title VII as a source of public policy supporting the claim.[2] *See Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 345-47 (9th Cir. 1996) (remanding case where plaintiff relied on Title VII in part to establish public policy against employment discrimination on basis of religious belief); *see also Peele v. Enter. Leasing Co. of Norfolk/Richmond*, 979 F. Supp. 1069, 1071-73 (E.D. Va. 1997) (remanding case where

---

[2] Plaintiff's citation of federal statutes is arguably superfluous, as Virginia law seems to require that common law wrongful discharge claims point to public policy stated in a Virginia statute. *Peele v. Enter. Leasing Co. of Norfolk/Richmond*, 979 F. Supp. 1069, 1071-72 (E.D. Va. 1997). Even so, this does not mean the Complaint should be construed as attempting to state federal claims. *See id.*

plaintiff cited federal and state law to establish public policy
in support of wrongful termination claim).  Title VII is not
mentioned anywhere else in the Complaint.[3]

Defendant also fails to demonstrate that any of
plaintiff's claims *necessarily* require the resolution of a
substantial federal issue.  That Defendant cites his filing of
OSHA complaints as a proximate cause of his alleged wrongful
termination does not raise a substantial federal issue.

As with Title VII, Plaintiff also relies on OSHA as a
source of public policy supporting his claims.  As discussed
above, no private right of action exists under OSHA.  The
Supreme Court assigned heavy weight to this factor in *Merrell
Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 814 (1986),
explaining that the "congressional determination that there
should be no federal remedy for the violation of [a] federal
statute is tantamount to a congressional conclusion that the
presence of a claimed violation of the statute as an element of
a state cause of action is insufficiently substantial to confer
federal question jurisdiction."  Thus, the absence of a private
right of action under OSHA weighs strongly in favor of remand.

---

[3]   There are also references to "The Whistleblower Protection Act"
interspersed throughout the Complaint.  Plaintiff does not cite a specific
statute.  Meanwhile, Defendant simply argues that the Complaint pleads
violations of federal law, including OSHA, Title VII, and "possibly an
unidentified 'Whistleblower Protection Act.'"  (Opp. at 5.)  Without
meaningful guidance from the parties, the Court will not attempt to guess the
specific statute to which Plaintiff refers.  Accordingly, the Court finds
these references insufficient to establish federal question jurisdiction.

Additionally, in each instance where Plaintiff alleges violations of federal law, Plaintiff also asserts that Defendant's conduct violated VOSH.  Thus, not every legal theory supporting Plaintiff's claims requires resolution of a federal issue, *see Patterson v. Avante at Waynesboro, Inc.*, No. 10cv00006, 2010 WL 785904, at *1 (W.D. Va. Feb. 26, 2010), and federal question jurisdiction does not exist.[4]  The Court therefore remands this case to state court.

## IV.  Conclusion

For these reasons, the Court will grant Plaintiff's Motion to Remand.  Defendant's Motion to Dismiss is denied as moot, and may be refiled in state court.

An appropriate Order will issue.

/s/
October 31, 2011                    James C. Cacheris
Alexandria, Virginia      UNITED STATES DISTRICT COURT JUDGE

---

[4] Even if Plaintiff's state law claims were construed as relying solely on violations of federal law, Defendant has not demonstrated that the substantiality of the federal issues raised are sufficient to confer federal question jurisdiction or that assertion of jurisdiction would not disrupt the federal-state jurisdictional balance.  *See Varco v. Tyco Elec. Corp.*, No. RDB 08-125, 2009 WL 728571, at *5-7 (D. Md. Mar. 16, 2009) (remanding wrongful termination claim that necessarily hinged on resolution of a federal issue).